J-A11019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| GARY EVANS AND MELODY EVANS | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MACY HOLDINGS, LLC | : | |
| | : | |
| Appellant | : | No. 1149 MDA 2025 |

Appeal from the Judgment Entered July 25, 2025
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2024-00011

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY NEUMAN, J.:              **FILED: AUGUST 10, 2026**

Appellant, Macy Holdings, LLC ("Macy"), appeals from the trial court's July 25, 2025 judgment entered following a non-jury trial in this property dispute.  We reverse the judgment to the extent the trial court awarded a prescriptive easement to Appellees, Gary Evans and Melody Evans, and affirm the judgment in all other respects.

On January 2, 2024, Appellees filed a complaint against Macy, asserting claims for adverse possession after 21 years, trespass, and ejectment.[1]  The case proceeded to a three-day, non-jury trial in June 2025.  The trial court summarized the relevant facts it found at the trial as follows:

[Appellees] are the owners of the property situated at 134 Herman Avenue, Lemoyne, Cumberland County, Pennsylvania.  They

---

[1] Appellees also brought a claim for adverse possession pursuant to 42 Pa.C.S. § 5527.1, but later discontinued that claim.  **See** 42 Pa.C.S. § 5527.1 (providing title to real property may be acquired after 10 years by adverse possession if certain requirements are met).

acquired the property by deed dated June 25, 1999. They have been using the property as a multi-apartment rental unit since that time. To access the rear of the property, [Appellees], as well as their tenants[,] had always used the gravel lane known as "Plum Alley" or "Plum Street[."] Plum Alley provides access from [Second] Street. It continues across [Macy's] property to provide access to other properties in the neighborhood. [Appellees'] property does not border the alley, so they and their predecessors in interest would have to cross that portion of [Macy's] property between the alley and their property. Both the gravel lane[,] and [Macy's] property between it and [Appellees'] property[,] were part of the adverse possession claim.

[Appellees] purchased 134 Herman Avenue from [Ruby] Marquart[], who owned it when [Appellees] moved into their home a block away from the property in 1988. [Mr.] Evans testified that he often observed the Marquarts use the gravel lane known as Plum Alley to access the rear of the property. When he purchased the property in 1999, he actually believed that "Plum Alley" and the disputed lands were part of it. His tenants and guests continued to access the rear of the property along Plum Alley from [Second] Street until [Macy] blocked it sometime in 2017. [Macy reopened the gravel lane sometime in 2023.]

The gravel lane had been used for access not only to the rear of [Appellees'] property, but also to access the rear of all the properties fronting on Herman Avenue between [Second] Street and First Street. It appears on a subdivision plan recorded in 1994. It is also referenced in deeds as "Plum Street" as far back as the 1950's.

Trial Court Opinion ("TCO"), 11/7/25, at 2-4 (footnotes omitted).

At trial, Macy introduced the following exhibit, depicting the at-issue area as it currently appears after Macy made changes to the land in 2023, including installing a fence. *See* N.T., 6/24/25, at 59-60, 85-86.[2] For reference, Macy is the title owner of the parcels identified as "429-A," "422,

---

[2] We use the copy of the exhibit contained in the reproduced record, as it appears in color and is better quality than the exhibit contained in the certified record.

"and "423-A[,]" which Macy bought in 2015. **See id.** at 55, 57-58; Macy's Brief at 12.



Macy's Exhibit 100.

At the conclusion of the trial and after both parties had rested, the trial court asked Appellees if they would like to amend their pleadings to add a claim for a prescriptive easement. N.T., 6/25/25, at 27. After Appellees indicated they would, the trial court granted the amendment. **Id.** The trial court subsequently entered a decision finding in favor of Macy on Appellees'

adverse possession, trespass, and ejectment claims, and finding in favor of Appellees on their claim for a prescriptive easement along Plum Alley for ingress and egress to and from their property and Second Street. *Id.* at 39-40. Specifically, the trial court found "Plum Alley was used continuously by [Appellees] and their predecessors in interest for ingress and egress to the rear of 134 Herman Avenue from at least 1994 until the summer of 2017." Findings of Fact and Conclusions of Law, 7/1/25, at ¶ 5.

Both parties filed timely post-trial motions. The trial court denied both motions on July 24, 2025, and judgment was entered on July 25, 2025. Macy filed a timely notice of appeal and timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement.[3] The trial court issued a Rule 1925(a) opinion on November 7, 2025.

On appeal, Macy raises the following issues for our review:

[1]. Did the [c]ourt err in awarding a prescriptive easement by *sua sponte* inviting [Appellees] to add a claim for a prescriptive easement over Macy's gravel driveway?

[2.] Did the [c]ourt err in awarding a prescriptive easement where [Appellees] failed to present sufficient evidence to establish the elements and scope of a prescriptive easement over Macy's driveway?

[3.] Was [Appellees'] evidence insufficient to establish either the existence or scope of a prescriptive easement over the portion of

---

[3] Appellees also filed a timely notice of appeal, which was docketed at 1182 MDA 2025. However, Appellees' appeal was dismissed on November 14, 2025, after Appellees appeared to not comply with the trial court's order to file a Rule 1925(b) statement and did not respond to this Court's show-cause order as to why the appeal should not be dismissed due to waiver.

- 4 -

the Macy [p]roperty between the driveway and [Appellees']
[p]roperty?

[4.] Did the [c]ourt err in holding [Appellees] could tack the prior
owners' alleged use to their use after June 25, 1999, to show use
for a period of 21 years?

Macy's Brief at 5.[4]

**First Issue**

*Amendment to Pleadings*

In Macy's first issue, Macy argues the trial court erred in awarding a
prescriptive easement by *sua sponte* inviting Appellees to add a prescriptive
easement claim over Macy's driveway. ***Id.*** at 40. Macy claims the trial court
improperly acted as an advocate, exceeded its authority by introducing a
theory not raised by Appellees, and violated due process by raising the issue
after the record was closed. ***Id.*** at 40-43. Macy also asserts the trial court
made no attempt to defend its *sua sponte* action in its Rule 1925(a) opinion,
determining instead the amendment did not prejudice Macy. ***Id.*** at 43-46.

We deem this claim waived. Our review of the transcript shows the
following:

THE COURT: All right. Explain to me exactly what it is that you
are asking me to do today, [Appellees' counsel]?

[APPELLEES' COUNSEL]: Thank you, sir. We're going to be talking
about the disputed property [and] that we believe we've proven
an adverse possession claim.

---

[4] Appellees did not file an appellate brief. We note their counsel filed an
application to withdraw on December 23, 2025, which this Court denied
without prejudice on January 23, 2026. Nothing further was filed by Appellees'
counsel or Appellees.

THE COURT: Okay. I don't need argument right now. I just want to understand. I'll give you a chance for argument. I want to understand what it is you're asking. I know that you want the disputed property to be your clients' by adverse possession.

[APPELLEES' COUNSEL]: Correct.

THE COURT: Is that it?

[APPELLEES' COUNSEL]: The first part would be that. We're going to take the position we've made a claim for the damages for the removal of the trees, the gravel[,] and such. Then there's the open issue of the easement issue with the access. I think that was probably conceded in the testimony about that, but that certainly is something we need.[5]

THE COURT: Was that pled?

[APPELLEES' COUNSEL]: It was pled arguably as part of an adverse possession claim. It was not pled as a prescriptive easement.

THE COURT: Okay. Well, they are two different things.

[APPELLEES' COUNSEL]: They are.

THE COURT: Okay. So do you wish to amend your pleadings to include a prescriptive easement?

[APPELLEES' COUNSEL]: We would certainly want that, Your Honor.

THE COURT: All right. Then that is granted. So I understand, you want an easement for what's labeled as Plum Alley, and you want adverse possession to the disputed premises?

[APPELLEES' COUNSEL]: That's correct.

THE COURT: Okay. So I understand what you want. I'm certainly willing to listen to argument briefly, and then I will retire and take about 45 minutes to an hour to craft findings of fact and make a decision. Does either party wish to argue?

---

[5] We believe Appellees' counsel's comment that the easement was conceded in the testimony refers to testimony given by Macy's owner, which we discuss further *infra*.

[MACY'S COUNSEL]: Yes, Your Honor.

THE COURT: Okay….

N.T., 6/25/25, at 26-28. The parties then gave their closing arguments.

Problematically, Macy made no objection to the amendment after the trial court inquired if Appellees wished to amend their complaint. ***See*** Pa.R.Civ.P. 227.1(b)(1) (explaining post-trial relief cannot be granted unless the grounds therefor were raised in pre-trial proceedings or appropriate method at trial). To the extent Macy claims it preserved this issue by filing a motion *in limine* prior to trial, we reject this argument. ***See*** Macy's Brief at 35 (citing Pa.R.E. 103(b) ("Once the court rules definitively on the record-- either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal.")). By way of background, before trial, Macy filed a motion *in limine* asking that Appellees be precluded from offering evidence at trial of a prescriptive easement over the gravel driveway or that the gravel driveway is a public street. Motion *in Limine*, 5/23/25, at ¶ 27. In support, Macy argued Appellees' complaint did not contain a claim for a prescriptive easement, the gravel driveway is not a paper street, and Appellees have no contractual right to use the gravel driveway. ***See id.*** at ¶ 26. The trial court denied the motion *in limine* at the beginning of trial. N.T., 6/23/25, at 5. In our view, Macy's motion *in limine* — which asked that evidence pertaining to a prescriptive easement be precluded at trial — did not concern the issue of whether the complaint could be amended to add a claim for a prescriptive easement at the prompting of the trial court and after the

parties had already rested. Thus, we conclude Macy's motion *in limine* was insufficient to preserve its present argument, and we find Macy's first issue to be waived.

**Second & Third Issues**

*Sufficiency of the Evidence*

For ease of disposition, we address Macy's second and third issues together, as they both involve whether Appellees produced sufficient evidence to establish a prescriptive easement. Initially, we recognize:

> Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the fact[-]finder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Wolf v. Santiago*, 230 A.3d 394, 399-400 (Pa. Super. 2020) (citations omitted).

Further, we observe an easement is "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose." *Stanton v. Lackawanna Energy, Ltd.*, 886 A.2d 667, 676 n.7 (Pa. 2005) (citation omitted). "A prescriptive easement is created by adverse, open, notorious, and continued

and uninterrupted use for a period of [21] years." ***Zurick v. Stella Cadente Invs., Inc.***, 342 A.3d 704, 708 (Pa. Super. 2025) (citation omitted). "A party asserting the existence of an easement must demonstrate each element of the easement by clear and positive proof." ***Id.*** (citation omitted).

Macy argues Appellees' evidence was insufficient to establish a prescriptive easement over Macy's driveway, as they failed to introduce evidence of the driveway's dimensions and evidence of continuous and uninterrupted use for 21 years. Macy's Brief at 46-71. Macy also says Appellees similarly failed to present sufficient evidence to establish a prescriptive easement over the portion of Macy's property lying between the driveway and Appellees' property, or to establish the scope of any such easement. ***Id.*** at 71-74. Specifically, among other things, Macy argues insufficient evidence was introduced of the prior owners' (the Marquarts) use of the driveway before Appellees bought the property in 1999. ***See id.*** at 37, 51-53, 61-62, 64-66, 71-72.

Before reaching the merits of Macy's sufficiency argument, we first consider whether Macy waived its sufficiency challenge by failing to properly preserve it at trial. Our review of the transcript shows James Hoffman — the owner of Macy — testified he purposefully added a fence to the at-issue area in 2023 that allowed Appellees to continue accessing their property via Plum Alley, and confirmed Appellees and their tenants could use Plum Alley to access their property:

[MACY'S COUNSEL:] You were here yesterday for Mr. Evans' testimony about his first phone call with you. Do you have a different recollection of the call?

[MR. HOFFMAN:] I was asked to reach out to him from the borough. They gave me his number, and I called. I believe I was at a job site somewhere calling him. He said I was on his property. I explained to him, hey, the stakes are out there or will be out there. That was a relatively quick call. He did mention to me that his tenants from time to time, which I've never seen it, … would park behind his … rental house….

So there was a second phone call. Once I got the stakeout completed, I reached out to him prior to placing the fence. The fence permit actually allowed me to place this the whole way across, which, since he made the comment that he would like to have access, I held this fence back to here and turned it and brought it across. On the second phone call, I asked him if he'd like to meet to go over the layout of the fence, and he basically just told me he was going to sue me for the whole piece.

*** 

[APPELLEES' COUNSEL:] Is it your testimony today that my client is allowed to use the Plum Street entrance to gain access to his house in accordance with the layout that's there?

[MR. HOFFMAN:] Absolutely.

[APPELLEES' COUNSEL:] And that's not going to change and not be interfered with?

[MR. HOFFMAN:] No.

[APPELLEES' COUNSEL:] So he's able or his tenants would be able to come down that lane, take a left to get down to the land and travel to his land or the disputed portions to park or have access to the property?

[MR. HOFFMAN:] Yes.

N.T., 6/24/25, at 101, 102-03; *see also id.* at 54-55.[6]

---

[6] We are aware "[p]ermissive use defeats the claim of a prescriptive easement[,]" *Zurick*, 342 A.3d at 708, and note the trial court indicated

*(Footnote Continued Next Page)*

Following this testimony and after the parties both rested, the trial court permitted Appellees to amend their complaint to add a claim for a prescriptive easement without objection by Macy, as discussed *supra*. After the claim was added, Macy did not move for a directed verdict on Appellees' prescriptive easement claim or otherwise assert it was not established. The parties then proceeded to give their closing arguments. Macy's counsel made no mention of the prescriptive easement claim during his closing argument. N.T., 6/25/25, at 28-33. Appellees asserted in closing that Macy had conceded the prescriptive easement, seemingly based upon Mr. Hoffman's above-stated testimony.[7] Following the trial court's decision, Macy subsequently filed a post-trial motion, asking for judgment to be entered in its favor on the prescriptive easement claim due, in part, to Appellees' failure to introduce evidence of any of the elements of the prescriptive easement for the time period prior to Appellees' purchase of 134 Herman Avenue.

_____

Appellees did not have express permission to use the driveway during the relevant time period from 1994-2017. **See** TCO at 8 n.17 ("[P]rior use had been adverse to [Macy]. [Mr. Hoffman] had not given express permission to use the lands prior to the completion of the statutory period and vesting of the easement. In fact, he had closed off the lane between 2017 and 2023."). Nevertheless, we mention this testimony to give context.

[7] **See** N.T., 6/25/25, at 33 (Appellees' counsel's arguing in closing: "I'm going to start with [the] prescriptive easement. I would point out that essentially it's been conceded, I would argue, by [Macy]. They've laid a fence out to allow for it. They conceded on the stand through Mr. Hoffman that issue. Every plan, every aerial, every map showed this laid out as an alleyway, showed it as use [*sic*], and it's been something that's been consistent for that entire neighborhood. We think that part has been made.").

- 11 -

"[T]o preserve the right to request a [judgment notwithstanding the verdict ('JNOV')] post-trial, a litigant must first request a binding charge to the jury or move for a directed verdict or a compulsory non-suit at trial." *Jones v. Foods on First III, Inc.*, 345 A.3d 231, 246-47 (Pa. Super. 2025) (cleaned up); *see also* Pa.R.Civ.P. 227.1(b)(1), *supra*. Macy failed to move for a non-suit or directed verdict on Appellees' claim for a prescriptive easement.[8] However, "this Court has overlooked waiver [based on a failure to preserve a right to JNOV at trial] in instances where the trial court disposed of a post-trial motion on the merits or declined to find waiver." *Jones*, 345 A.3d at 247 (citing *Bank of America, N.A. v. Scott*, 271 A.3d 897 (Pa. Super. 2022); *Karden Const. Servs., Inc. v. D'Amico*, 219 A.3d 619 (Pa. Super. 2019)). Here, the trial court did not find waiver of Macy's sufficiency claim and addressed it on the merits.[9] Accordingly, we decline to find waiver based

---

[8] We recognize Macy moved for a non-suit at the close of Appellees' evidence on the second day of trial. N.T., 6/24/25, at 50. At that point in the case, though, the prescriptive easement claim was not yet added. We also observe that while adverse possession and prescriptive easement claims have similarities, they also have differences, such that the arguments Macy made at trial pertaining to the adverse possession claim do not necessarily, or unquestionably, apply to the prescriptive easement claim. *See Newell Rod and Gun Club, Inc. v. Bauer*, 597 A.2d 667, 669-71 (Pa. Super. 1991) (addressing some of the differences between claims for adverse possession and prescriptive easements); *Maiella v. Joseph*, 307 A.3d 638 (Pa. Super. 2023) (unpublished memorandum) (similarly mentioning differences between adverse possession and prescriptive easements); *see also* Pa.R.A.P. 126(b) (stating unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[9] Additionally, Appellees have not filed a brief, arguing waiver should be found.

on Macy's failure to challenge the sufficiency of the evidence supporting the prescriptive easement claim at trial.

Upon review, we deem meritorious Macy's argument that insufficient evidence was introduced of the Marquarts' use of Plum Alley before Appellees bought the property in 1999. "In establishing a prescriptive easement, constant use need not be demonstrated in order to establish the continuity of the use." ***Newell Rod and Gun Club, Inc.***, 597 A.2d at 670. "Rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." ***Id.*** (cleaned up). Moreover, "[t]he scope of the use of an easement during the prescriptive period determines the scope of the easement obtained." ***Zurick***, 342 A.3d at 708 (citation omitted); ***see also Hash v. Sofinowski***, 487 A.2d 32, 34 (Pa. Super. 1985) (stating the scope of a prescriptive easement "must necessarily be a function of the continued, adverse use by which it was generated and is thus limited to that of the prescriptive period") (cleaned up).

> Here, in finding the prescriptive easement, the trial court opined:
>
> The evidence in the case at bar established that [Appellees] and the prior owners had openly, notoriously, adversely[,] and continuously used the portions of [Macy's] property that included the gravel lane to access the rear of the property at 134 Herman Avenue. That use continued for more than 21 years before [Macy] blocked access. [Mr.] Evans testified that he witnessed the Marquarts using those portions of the [Macy's] land beginning sometime in 1988. After he acquired the property by deed from Marquarts in 1999, he continued to use the disputed portions of [Macy's] land to access the rear of the property for his tenants' parking. Their only access was over the gravel lane and through

- 13 -

[Macy's] land. We credited his testimony as to these facts. He had established a settled, uninterrupted course of conduct since 1988 indicating that the use was intended as an exercise of a property right.

Macy's principal[, Mr. Hoffman,] testified that he knew that other people were using the gravel lane to access not only [Appellees'] property, but also the rear of neighboring properties fronting on Herman Avenue. In fact, he testified he had no problem allowing access along the gravel drive. He even erected the fence on his property in such a way as to allow such access. Accordingly, we found that [Appellees] had established that 134 Herman Avenue was entitled to an easement for ingress, egress, and regress over the gravel lane across [Macy's] land to the rear of their property.

As to the scope of the easement, it was clearly limited to the gravel lane along the length of [Appellees'] rear property in order to continue the *status quo*. There was no evidence as to what specific portion of [Macy's] land north of the lane was used to access [Appellees'] property. Therefore, any portion used in the past may be used going forward. A prescriptive easement is only limited in location and size to that which arose during the prescriptive period, and the width is only limited by the extent of the actual use during the period.

TCO at 7-9 (cleaned up).

The record does not support the trial court's finding the Marquarts used Plum Alley for ingress and egress to the rear of 134 Herman Avenue. *See* TCO at 3 (citing N.T., 6/23/25, at 32-34, 38). Our review of the transcript pages cited by the trial court shows that Mr. Evans testified he saw the Marquarts "working" throughout what is now Macy's property "as far back as 1988, 1989, 1990[,] and so forth." N.T., 6/23/25, at 34; *see also id.* at 38 (Mr. Evans' testifying he saw the Marquarts mowing grass and doing work on what is now Macy's property). Mr. Evans also stated Ms. Marquart and her family "would take care of the gravel lane." *Id.* at 53. However, we

- 14 -

uncovered no testimony in the transcript stating the Marquarts often used Plum Alley for ingress and egress to the rear of 134 Herman Avenue, or elaborating on any use of Plum Alley by the Marquarts.

Moreover, to the extent the trial court found Mr. Hoffman testified that he knew people were using the gravel lane to access not only Appellees' property, but also the rear of neighboring properties fronting on Herman Avenue, the trial court provides no cite to this testimony. In any event, though, such testimony does not establish the Marquarts used Plum Alley to access the rear of 134 Herman Avenue during the necessary time period, especially considering Macy has only owned the at-issue property since 2015. Similarly, the trial court gave no cite for its finding that "[t]he gravel lane had been used for access not only to the rear of [Appellees'] property, but also to access the rear of all the properties fronting on Herman Avenue between [Second] Street and First Street." TCO at 3-4. Nevertheless, this statement likewise does not establish the Marquarts used the lane for ingress and egress during the relevant time period.[10] Finally, insofar as Mr. Hoffman conveyed

_____

[10] While there was testimony about the lane being used to access Appellees' property during Appellees' ownership and neighbors' using the lane, we discerned no testimony about the Marquarts using the lane to access the rear of 134 Herman Avenue during the relevant time period. *See, e.g.*, N.T., 6/23/25, at 53-55 (Mr. Evans' stating he started taking care of the lane after the Marquarts and made sure his tenants were able to have access to the back of the property); *id.* at 40-41, 56-57 (Mr. Evans' testifying other neighbors used Plum Alley); *id.* at 107 (Mr. Evans' confirming the Marquarts maintained the gravel driveway); N.T., 6/24/25, at 33-34, 35-36 (former tenant of Appellees, who said he lived at 134 Herman Avenue around 2009, stating he
*(Footnote Continued Next Page)*

he has no problem allowing Appellees access via the driveway, this permission does not establish Appellees' right to a prescriptive easement.

Accordingly, we conclude the record does not support the trial court's determination Plum Alley was used continuously by Appellees and the Marquarts for ingress and egress to the rear of 134 Herman Avenue from at least 1994 until 2017. As the evidence is insufficient to establish such continued and uninterrupted use for a period of 21 years, we reverse the trial court's judgment in favor of Appellees on their prescriptive easement claim.[11]

_____

always parked up front but used Plum Alley to bring his lawn mowers to the property's basement and parked his trailer near the alley); *id.* at 40, 46 (another former tenant of Appellees, who said she lived at 134 Herman Avenue from about 2013-2019, testifying she used the alleyway "[e]very now and then, just to walk through there to get to the other main street"); *id.* at 61-63 (Mr. Hoffman's testifying the driveway was used to access a bungalow on Macy's property that was demolished in 2023); *id.* at 71 (Mr. Hoffman's stating he gave a neighbor permission to park his camper on Macy's property in about 2017); *id.* at 131 (Ms. Evans' testifying their tenants "parked beside the house. They parked on the street at Herman Avenue. At times, yes, they did park behind our property"); N.T., 6/25/25, at 6, 12-13 (Macy's predecessor-in-interest, who owned the property from 2007-2015, testifying he did not recall cars being parked behind 134 Herman Avenue but saw other cars parked behind a nearby building that he assumed got there through the alley); *see also* N.T., 6/23/25, at 31, 36 (Mr. Evans' conveying Plum Alley went all the way in the direction of Lemoyne Pool at the end of the block).

[11] Given our disposition, we need not address Macy's remaining arguments.

Judgment on prescriptive easement claim reversed.  Judgment affirmed in all other respects.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/10/2026